UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LeMar Tyree Green,<br><br>Petitioner,<br><br>v.<br><br>Tom Roy, Commissioner of Corrections,<br><br>Respondent. | Case No. 15-cv-107 (SRN/TNL)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

LeMar Tyree Green, GCADE, 454 West 6th Street, Red Wing, MN 55066, pro se.

Jean E. Burdorf and Linda M. Freyer, Hennepin County Attorney's Office, 300 South 6th Street, Minneapolis, MN 55487; and Matthew Frank and James B. Early, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, on behalf of Respondent.

SUSAN RICHARD NELSON, United States District Judge

**I.    INTRODUCTION**

This matter is before the undersigned United States District Judge for consideration of Petitioner LeMar Tyree Green's Objections [Doc. No. 16] to United States Magistrate Judge Tony N. Leung's September 4, 2015 Report and Recommendation [Doc. No. 15] ("R & R").  The Magistrate Judge recommended that Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] ("Habeas Petition") be denied, Respondent Tom Roy's Motion to Dismiss [Doc. No. 8] be granted, and the action be dismissed with prejudice.  The Magistrate Judge also recommended that Petitioner's Motion for Services [Doc. No. 13] be denied as moot.  For the reasons set forth

below, Petitioner's objections are sustained in part and overruled in part, and the Court adopts the R & R in part and respectfully declines to adopt the R & R in part.

## II. RESPONDENT'S MOTION TO DISMISS

### A. Background

The factual and procedural background of Petitioner's case is well documented in the R & R and is incorporated herein by reference. This Court will recite background facts only to the extent necessary to rule on Petitioner's objections.

#### 1. State court proceedings and direct appeal

On April 5, 2011, Petitioner was convicted in Hennepin County District Court of two counts of criminal sexual conduct. (See Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] ("Pet.") at 1.) The facts and circumstances leading to this conviction were set forth as follows by the Minnesota Court of Appeals:

> Appellant's biological daughter, K.B., alleged that appellant sexually abused her between March 2009 and October 17, 2009, when she was fifteen years old. . . . The abuse took place at her home in Crystal, Minnesota, where she lived with appellant, his girlfriend, and their two young sons.
>
> . . . .
>
> . . . . After K.B. related details about the sexual abuse to the school counselor, the matter was referred to the Crystal Police Department.
>
> Later that same day, K.B. accompanied law enforcement agents to her residence to execute a warrant. At the residence, K.B. identified where the sexual abuse occurred and where appellant ejaculated. Police retrieved various items for DNA analysis, including a comforter and pairs of K.B.'s underwear. DNA testing of most of the items did not directly support the state's case. A semen sample found on K.B.'s underwear was too small for DNA analysis. However, as to a sample found on the comforter that

> consisted of a mixture of semen and a non-sperm fraction of three or more people, the state's expert testified that appellant's girlfriend and 97.49% of the population were excluded as contributors, but that appellant and K.B. could not be excluded as contributors.
>
> At trial, K.B.'s school counselor testified that K.B. returned to school a few days after disclosing the sexual abuse, but she experienced anxiety, paranoid thoughts that appellant was "after [her], because of everything [that] was going on," and blackouts when she thought appellant was coming to "get [her]" from school. K.B. eventually ran away from school because she thought she saw appellant pull up in a car at the school. When police located K.B., she appeared "catatonic." K.B. was transported to a children's hospital on a health and welfare hold. After she was released from the hospital, she moved out of state to live with her mother.
>
> Dr. William Hosfield, a psychiatrist who performed a structured diagnostic interview with K.B., testified that she had "lost touch with her reality," exhibited panic symptoms associated with thoughts of appellant, and heard voices commanding her to kill herself. Dr. Hosfield described her condition as a "dissociative phenomenon," in which "a person loses orientation to person place and time and acts without knowledge for matters of minutes or seconds or days." According to Dr. Hosfield, this condition is usually associated with trauma. His initial diagnoses included post-traumatic stress disorder, major depressive disorder, generalized anxiety disorder, as well as marijuana and alcohol abuse. K.B. also described a history of "oppositional defiant behaviors," dating to a time before she left her mother to live with appellant in Minnesota.
>
> . . . .
>
> The jury found appellant guilty of two counts of criminal sexual conduct and the district court imposed concurrent prison sentences of 144 months for count one and 180 months for count two. . . .

Minnesota v. Green, No. A11-1532, 2012 WL 4475690, at *1–3 (Minn. Ct. App. Oct. 1, 2012), remanded for resentencing, (Minn. Dec. 18, 2012).

Petitioner appealed his convictions and sentence to the Minnesota Court of Appeals, arguing that: (1) the district court made erroneous evidentiary rulings, (2) he received ineffective assistance of trial counsel, and (3) the trial court erred in imposing two

3

sentences.  (App. [Doc. No. 10], at 6–7.)  Petitioner also filed a pro se supplemental brief arguing prosecutorial misconduct, deprivation of his Sixth and Fourteenth Amendment rights by erroneous exclusion or admission of evidence, and ineffective assistance of trial counsel.  (Id. at 104.)  On review, the Minnesota Court of Appeals concluded that:  (1) the district court did not err in denying Petitioner's motion to admit evidence of an alleged gang rape, Green, 2012 WL 4475690, at *4; (2) the district court erred by allowing the state to cross-examine Petitioner's girlfriend regarding collateral issues, but that such error was not prejudicial, id. at *7; (3) the district court did not abuse its discretion in allowing evidence of Petitioner's physical assault on K.B., and Petitioner's attorney did not provide ineffective assistance when he failed to object to admission of that evidence, id. at *9; (4) although the prosecutor's reference in her closing argument to the lack of evidence of other sexual acts by K.B. was misleading and constituted plain error, it was not reasonably likely that the reference had a significant effect on the jury's verdict, id. at *10; the remainder of Petitioner's pro se arguments were meritless, id.; and Petitioner's sentence was improper because both counts involved the same behavioral incident, id. at *11.  Accordingly, the court of appeals affirmed the convictions, but vacated the 144-month concurrent sentence on count one.  Id.

Petitioner sought review of this decision with the Minnesota Supreme Court, arguing that:  (1) the court erred in imposing a sentence that was based on a criminal history score that included the vacated sentence; and (2) the court's decision to prevent Petitioner from introducing evidence of another source of K.B.'s mental health diagnosis was based on an erroneous interpretation of the Minnesota Rules of Evidence.  (App. 177–78, 183–84.)

4

The Minnesota Supreme Court granted review of the sentencing issue and remanded the matter to the district court for resentencing, but denied review "as to all other issues." (Id. at 294.)

## 2.     Post-conviction proceedings in state court

On September 4, 2013, Petitioner filed a pro se petition for post-conviction relief in state district court, alleging: (1) ineffective assistance of trial counsel for failure to subpoena time cards from his former employer, and ineffective assistance of appellate counsel for failure to raise that issue on appeal, (id. at 296–300); (2) deprivation of an omnibus hearing in violation of due process, (id. at 300–01); and (3) various evidentiary ruling errors, (id. at 302–14). In conjunction with the ineffective assistance of counsel claim, Petitioner requested an evidentiary hearing. (Id. at 298.) The district court denied Petitioner's request for an evidentiary hearing on his claim of ineffective assistance of counsel, as well as Petitioner's claim for any other type of post-conviction relief. (Id. at 353.) More specifically, the Court found that Petitioner's ineffective assistance of trial counsel claim was procedurally barred under State v. Knaffla because, although Petitioner had raised an ineffective assistance of counsel claim on direct appeal regarding his counsel's failure to object to the elicitation of testimony regarding evidence of a physical assault, he did not raise the subpoena issue even though the supporting facts were known to Petitioner at the time of the direct appeal. (Id. at 356–58.) The court further held that Petitioner's ineffective assistance of trial counsel claim failed even if considered on the merits because the alleged failure of his counsel related to trial strategy and because the time cards did not provide evidence that would have been reasonably likely to change the result of the

5

proceedings. (Id. at 359–63.) Finally, the court determined that Petitioner's ineffective assistance of appellate counsel claim lacked merit because it was based on the failure to raise the ineffective assistance of trial counsel claim, and that the remainder of Petitioner's claims were barred by Knaffla because they either were, or should have been, raised at the time of trial or on direct appeal. (Id. at 363–64.)

Petitioner appealed pro se from the district court's order. He argued:

"1. When viewed in a light most favorable to the verdict poorly corroborated testimony leaves grave doubts as to Appellant's guilt and in the interests of justice court should reverse[.]

2. Appellant did not have meaningful opportunity to adequately raise meritorious ineffective assistance of trial counsel claim[.]

3. Improper admission of expert testimony combined with prosecutorial misconduct resulted in 'substantial unfairness' to Petitioner and a new trial should be awarded[.]"

(Id. at 372.) The Minnesota Court of Appeals determined that the district court did not abuse its discretion in determining that Petitioner's arguments for post-conviction relief were barred under Knaffla, and it agreed that Petitioner's ineffective assistance of appellate counsel claim lacked merit and that he was not entitled to an evidentiary hearing. (Id. at 442.) The court also declined to address Petitioner's prosecutorial misconduct claim because he did not raise it in front of the district court. (Id. at 443.) Accordingly, the Minnesota Court of Appeals affirmed the district court's order. (Id.)

Petitioner filed a pro se motion for reconsideration of the prosecutorial misconduct ruling, which the court of appeals denied. (See id. at 444–50.) He then sought review from the Minnesota Supreme Court as to whether the admission of illegal DNA testimony and the

alleged prosecutorial misconduct required a new trial, and whether the court of appeals abused its discretion in denying his motion for reconsideration. (Id. at 452.) On September 24, 2014, the Minnesota Supreme Court denied the petition. (Id. at 463.)

### 3. Post-conviction proceedings in federal court

On January 16, 2015, Petitioner filed his pro se Habeas Petition in this Court. In the portion of the Petition that asks for the grounds upon which Petitioner bases his claim that he is being held in violation of U.S. law, Petitioner wrote the following:

> **Ground one:** 1. When viewed in a light most favorable to the verdict poorly corroborated testimony leaves grave doubts as to appellant's guilt and in the interests of justice court should reverse
> **Ground two:** 2. Lower court abused its discretion in relying upon derosier to excuse erroneous admission of misleading expert testimony without conducting a plain-error analysis
> **Ground three:** 3. Legal merit of appellant's ineffective assistance of appellate counsel claim
> **Ground four:** 4. Improper admission of expert testimony
> Combined with prosecutorial misconduct resulted in "substantial unfairness" to petitioner and a new trial should be awarded (conclusion)
>
> An appeal was filed for the above mentioned grounds at:
>
> Minnesota Judicial Center
> 25 Rev. Dr. Martin Luther King Jr. Blvd.
> St. Paul, MN 55155
> Minn. App. Case Number: A13-0037
> Affirmed on July 21st, 2014. Review Denied on September 24th, 2014.

(Pet. at 5.) Petitioner also filed a Memorandum of Law in Support of 28 U.S.C. § 2254 Petition for Habeas Corpus ("Habeas Memorandum"), which contains the following argument headings:

> **I.    The fact that there was no dispute in the evidence of the usage of the admission of DNA offered as evidence was irrelevant and immaterial to the issue of guilt which was a clear violation of the**

7

> **fourth tenth and sixth amendment of the U.S. Constitution. The question is, in relation to this petitioner, did the lower court violate the clearly established federal precedent in Manson v. Brathwaite?**
>
> . . . .
>
> **II. The Minnesota Supreme Court's Decision Failed to Follow and Reasonably Apply the clearly established federal precedent of ineffective assistance of counsel.**
>
> . . . .
>
> **III. The Minnesota Supreme Court's Decision was based on an Unreasonable Determination of the Facts concerning prosecutorial misconduct.**
>
> . . . .
>
> **IV. Did the accumulation of errors in petitioner's trial so prejudice his case to the jury that he was denied his right to <u>due process and a fair trial</u> guaranteed by the Fifth, Sixth and Fourteenth amendments to the United States Constitution and <u>In re Winship</u>, 397 US 358, 25 L Ed 2d 368, 90 S Ct 1068 (1970)?**

(Mem. of Law in Supp. of 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Doc. No. 2], at 6, 10, 26, 32.)

Under the first heading, Petitioner argues that admission of the DNA testimony violated U.S. Supreme Court precedent as set forth in <u>Manson v. Brathwaite</u> because it was either irrelevant and unnecessarily suggestive, or was unreliable and prejudicial. (<u>Id.</u> at 6–9.) He also asserts that his trial counsel's failure to object to the admission of this evidence constituted ineffective assistance and that the claim is not barred because he raised it in his <u>pro se</u> brief to the Minnesota appellate courts. (<u>See id.</u>)

Under the second heading, Petitioner argues that the DNA testing at issue did not comply with generally accepted scientific standards and was unreliable, and that his trial counsel's failure to object to the admission of the related expert testimony or to obtain an expert violated his right to effective assistance of counsel. (Id. at 10–14.) Petitioner argues that his trial counsel's errors caused a violation of his Sixth Amendment rights and that, absent those errors, the probability of a different outcome would have been great. (See id. at 14.) He also claims that his appellate counsel's refusal to raise the ineffective assistance of trial counsel claim constitutes ineffective assistance of his appellate counsel and excuses any procedural default. (Id. at 18–19.) Petitioner asserts that he raised these arguments at the first opportunity—during post-conviction proceedings. (Id. at 22.)

Under the third heading, Petitioner concedes that he raised his prosecutorial misconduct claim relating to closing argument statements and the use of "false DNA results" to the appellate court, which ruled that it was unlikely the statements had a significant effect on the jury's verdict. (Id. at 26.) Petitioner contends, however, that the state appellate court erred because there was no other "equally compromising DNA [result]." (Id.)

Finally, under the fourth heading, Petitioner argues that the cumulative effect of his trial counsel's errors and the prosecutorial misconduct "had an unduly effect on the jury's verdict" and warrants reversal of his conviction. (Id. at 36.)

Respondent now moves to dismiss the Habeas Petition and addresses only the four grounds for relief as stated in Petition. (See Respondent-State's Mem. in Supp. of Mot. to Dismiss [Doc. No. 9], at 19–27.) First, Respondent argues that nowhere in Petitioner's

9

post-conviction motion to the state district court is there any reference to "poorly corroborated testimony leaving grave doubts as to Petitioner's guilt." (Id. at 20.) Thus, according to Respondent, Petitioner failed to exhaust his state court remedies as to his first ground for relief. (Id. at 20.) Second, Respondent asserts that Petitioner failed to reference State v. DeRosier in his petition to the Minnesota Supreme Court—let alone to argue that any lower court misconstrued State v. DeRosier—and, therefore, failed to exhaust his state court remedies as to his second ground for relief. (Id. at 22.) Third, Respondent contends that Petitioner did not present his ineffective assistance of appellate counsel claim to the Minnesota Supreme Court and so has failed to exhaust his state court remedies as to his third ground for relief. (Id. at 23–24.) Fourth, Respondent argues that Petitioner failed to exhaust his state court remedies as to his improper admission of expert testimony claim because he did not raise the Manson v. Brathwaite issue on direct appeal and, although he did generally raise the claim in front of the Minnesota Court of Appeals, he failed to do so in his Minnesota Supreme Court petition. (Id. at 24.) Finally, Respondent asserts that, because all of these arguments could have been raised (or were raised) on direct appeal or in his post-conviction motion for relief in state court, Petitioner is now barred from raising them in state court and has procedurally defaulted on those claims for purposes of federal habeas review. (Id. at 21–28.)

In response, Petitioner reiterates many of the arguments made in his initial Memorandum. In addition, he argues that he has not procedurally defaulted on the "Manson v. Braithwaite 'reliability' issue" because he presented his arguments about the reliability of the expert testimony to every level of court but they have refused to address the

10

issue on the merits, and that he is not procedurally barred from raising his ineffective assistance of trial counsel claim based on the handling of the DNA evidence because he raised the issue in his pro se brief but the Minnesota appellate courts failed to rule on it. (Reply Br. in Supp. of 28 U.S.C. § 2254 for Writ of Habeas Corpus Pet. [Doc. No. 12], at 1–2, 8.) In addition, Petitioner argues that he did not have a meaningful opportunity to raise his ineffective assistance of trial counsel claim on direct appeal because his appellate counsel refused. (Id. at 9–12.) Similarly, Petitioner argues that he did not inexcusably fail to raise his ineffective assistance of appellate counsel arguments on direct appeal, but rather that the claim did not arise until after the briefs were filed. (Id. at 13–14.)

On September 4, the Magistrate Judge issued his R & R, recommending that Respondent's Motion to Dismiss be granted, Petitioner's Habeas Petition be denied, and the action be dismissed with prejudice. (R & R at 16.) First, the Magistrate Judge interpreted Petitioner's "poorly corroborated testimony" ground for relief as a challenge to the sufficiency of the evidence supporting the verdict, and found that Petitioner had procedurally defaulted on that claim because he did not present it to the state district court in his first post-conviction proceedings. (Id. at 12.) Second, the Magistrate Judge interpreted Petitioner's challenges to the "erroneous admission of misleading expert testimony" and the "improper admission of expert testimony" as challenges to both the prosecutor's statements in closing argument and the trial court's evidentiary rulings. (Id. at 9 n.1, 12.) As to the former issue, the Magistrate Judge concluded that Petitioner had not fairly presented a federal constitutional issue to the Minnesota Supreme Court during his post-conviction proceedings and that, even if he had, any error in the prosecutor's closing statements did not

prejudice Petitioner's substantial rights. (Id. at 13–14.) As to the latter issue, the Magistrate Judge determined that although Petitioner had fairly presented the claim in the state court proceedings, the claim is barred because he failed to object at trial to the admission of the pieces of evidence he now relies on in support of his claim. (Id. at 14–15.) Finally, the Magistrate Judge concluded that Petitioner's ineffective assistance of appellate counsel claim is barred because he failed to raise it in front of either the Minnesota Court of Appeals or Minnesota Supreme Court during his first post-conviction proceedings. (Id. at 16.)

Petitioner filed his Objections on September 28. Respondent neither objected to the R & R nor responded to Petitioner's Objections.

### B. Discussion

The district court reviews de novo those portions of the R & R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b). Here, Petitioner raises three objections: (1) that the Magistrate Judge evaluated Petitioner's "post-conviction arguments" instead of the arguments in Petitioner's Habeas Memorandum; (2) that "[P]etitioner raises the substantial claim of ineffective assistance of counsel a constitutional right which the magistrate does not acknowledge;" and (3) that Knaffla does not apply because any available corrective process is insufficient to protect Petitioner's rights. (Petitioner's Objs. to the Magistrate's R & R Pursuant to LR 72.2(b) [Doc. No. 16], at 1.) The latter two objections are based solely on Petitioner's claim of ineffective assistance of trial counsel. (See id. at 3–9.)

As for Petitioner's first objection, it is true that Respondent improperly relied solely on the grounds for relief as stated in the Habeas Petition rather than as stated in the Habeas Memorandum in bringing the Motion to Dismiss. And, in the portion of the Petition that asked for a description of Petitioner's grounds for relief in these <u>federal</u> proceedings, Petitioner incorrectly attempted to describe his final rounds of <u>state</u> court post-conviction proceedings. Therefore, the Magistrate Judge did only evaluate Petitioner's arguments from his state court post-conviction proceedings, because those were the only grounds for relief for which Respondent sought dismissal.

That being said, although phrased differently, Petitioner's grounds for relief as stated in the Habeas Petition overlap to a large degree with the grounds for relief as stated in the Habeas Memorandum.[1] Ground 2 in the Habeas Petition refers to the erroneous admission of misleading expert testimony, which the Magistrate Judge interpreted to include both prosecutorial misconduct and the trial court's evidentiary rulings regarding the DNA evidence and expert testimony. Likewise, Grounds 1 and 3 in the Habeas Memorandum refer to the trial court's erroneous admission of DNA evidence and prosecutorial misconduct, respectively. Similarly, both Ground 3 in the Habeas Petition and Ground 2 in the Habeas Memorandum deal with Petitioner's ineffective assistance of appellate counsel claim. And, the issue of the cumulative effect of the alleged errors was raised in Ground 4 in both the Petition and the Memorandum.

---

[1]    Although Petitioner incorrectly completed his <u>pro se</u> Habeas Petition, this Court will construe it liberally to include the grounds for relief that were stated in his Habeas Memorandum. See <u>Williams v. Carter</u>, 10 F.3d 563, 567 (8th Cir. 1993) (noting that pleadings and other documents filed by <u>pro se</u> litigants should be treated liberally to avoid

Accordingly, the Magistrate Judge ruled on the grounds for relief asserted in Grounds 1 and 3 of Petitioner's Memorandum—i.e., the trial court's erroneous admission of DNA evidence and prosecutorial misconduct—when he ruled on Ground 2 of the Petition. And, the Magistrate Judge ruled on the ineffective assistance of appellate counsel claim asserted in Ground 2 of the Memorandum when he ruled on Ground 3 of the Petition. However, Ground 2 in the Memorandum also deals with Petitioner's claim for ineffective assistance of <u>trial</u> counsel, which Respondent—and, consequently, the Magistrate Judge— did not address. Nor did Respondent—or, as a result, the Magistrate Judge—address Petitioner's claim based on the cumulative effect of the alleged errors, as stated in Ground 4 of each document. Because these issues were neither the subject of the Motion to Dismiss or, consequently, the subject of the R & R, the Court sustains Petitioner's objections in this regard and respectfully declines to adopt the R & R to the extent that it dismisses Petitioner's claims based on ineffective assistance of trial counsel and the cumulative effect of the alleged errors. For these reasons, the Court also declines to address Petitioner's remaining objections to the R & R, both of which concern his ineffective assistance of trial counsel claim. And, the Court adopts—without further discussion—the R & R to the extent that the Magistrate Judge found Petitioner's remaining claims (i.e., erroneous admission of misleading DNA evidence and expert testimony, prosecutorial misconduct, and ineffective assistance of appellate counsel) to be barred because Petitioner presented no specific objections to those rulings.

---

the loss of meritorious claims through inadvertence or misunderstanding).

## III.   PETITIONER'S MOTION FOR SERVICES

After recommending denial of the Habeas Petition, the Magistrate Judge recommended denying Petitioner's Motion for Services as moot. However, because this Court finds that a portion of the Habeas Petition survives the Motion to Dismiss, this Court will address the Motion for Services on the merits. In its entirety, that Motion states:

> Comes now, petitioner, LeMar Tyree Green, motions this court for services other than counsel. Recently, this petitioner has been transferred to the County of Goodhue jail in Red Wing, MN to be housed out of the facility of MCF-Faribault. The Goodhue County jail library lacks the adequate legal core material that a D.O.C inmate is afforded per D.O.C policies concerning library material. This petitioner currently awaits a report and recommendation from the magistrate Tony N. Leung. This petitioner motions this court to fund this petitioner to purchase a stand-alone computer with lexis nexis installed, federal rules of criminal procedures (2015), Minnesota Statutes (2014), current addition of the Black Laws dictionary. In the alternate this petition motions this court to be sent back to MCF-Faribault where these resources are provided in accordance to MN D.O.C policies. Not to provide the petitioner with either option is deliberate indifference that prevents this petitioner from providing a response to the report and recommendation. Therefore this will prohibit access to the courts which is a violation of the 6th amendment of the US Constitution.

(Notice of Mot., Mot. Pursuant to Servs. Other Than Counsel [Doc. No. 13], at 1.) In other words, Petitioner claims that the library resources at the Goodhue County jail are inadequate and, by virtue of being incarcerated there, he is being denied access to the courts.

"'To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal

15

claim.'" Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008) (quoting White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007)). However,

> an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. . . . [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Id. at 832 (quoting Lewis v. Casey, 518 U.S. 343, 351 (1996)).

Petitioner has failed to establish that he has been denied meaningful access to the courts because he has not alleged—let alone demonstrated—any actual injury. Although he claims generally that the Goodhue County jail lacks "adequate legal core material," Petitioner fails to demonstrate that his efforts at pursuing a legal claim have been hindered. In fact, Petitioner has pursued his legal claim by filing his Habeas Petition and, despite his contention to the contrary, did file a response to the R & R. Therefore, Petitioner's Motion for Services is denied.

## IV.    CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT:**

  1. Petitioner's Objections [Doc. No. 16] to the Magistrate Judge's September 4, 2015 Report and Recommendation are **SUSTAINED IN PART AND OVERRULED AS MOOT IN PART**;

    2.       The Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the Magistrate Judge's Report and Recommendation [Doc. No. 15];

    3.       Respondent's Motion to Dismiss [Doc. No. 8] is **GRANTED IN PART AND DENIED IN PART**; and

    4.       Petitioner's Motion for Services [Doc. No. 13] is **DENIED**.

Dated:  December 7, 2015            s/Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States District Judge