# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| LeMar Tyree Green,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>Tom Roy, Department of Corrections Commissioner,<br>　　　　　　　　Respondent. | Case No. 15-cv-0107 (SRN/TNL)<br><br>**ORDER** |

　　　This matter is before the Court on Petitioner LeMar Tyree Green's motion for leave to proceed *in forma pauperis* ("IFP") on appeal. *See* ECF Nos. 19-20. For the reasons discussed below, Green's IFP application will be denied without prejudice.

　　　On September 28, 2015, Green filed objections to Magistrate Judge Leung's Report & Recommendation, which had recommended dismissal of his habeas corpus petition. ECF No. 16. On December 7, 2015, District Judge Nelson adopted in part and declined to adopt in part Magistrate Judge Leung's Report & Recommendation. ECF No. 17. Green then filed his Notice of Appeal to the Eighth Circuit and his application to proceed IFP on appeal. ECF Nos. 18-19. No final judgment had been entered in the case when Green filed these documents.

　　　A litigant who seeks to be excused from paying the filing fee for an appeal in a federal court case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that he or she is indigent and cannot pay the full filing fee. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). An appeal is frivolous, and not taken in good

faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) ("bad faith in the more common legal meaning of the term . . . means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit").

In this case, Green's appeal is not in "good faith" because it is premature. It is a general rule that only final orders or judgments are appealable. 28 U.S.C. § 1291; *see also Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373-374 (1981). Additionally, under the Rules Governing Section 2254 Cases in the United States District Courts, in a habeas petition such as Green's, the Court "must issue or deny a certificate of appealability when it enters a *final* order adverse to the applicant." Rule 11 (emphasis added). Green seeks to appeal from "the order of the United States District Court District of Minnesota describe [sic] as SUSTAINED IN PART AND OVERRULED AS MOOT IN PART entered in this action on the 7th day of December, 2015." ECF No. 18. The order Green seeks to appeal is not a final order in the case. Green may have thought Judge Nelson's order was the final order in the case but no judgment has yet issued and the case is still proceeding before Magistrate Judge Leung regarding the issues outlined in Judge Nelson's order. When a final order in the case is issued, Green may re-apply for IFP status for his appeal.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that petitioner Green's request to proceed *in forma pauperis* on appeal (ECF No. 19-20) is DENIED without prejudice.

Dated: January 8, 2016                              s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge