## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

LeMar Tyree Green,                                    Case No. 15-cv-107 (WMW/TNL)

                     Petitioner,

v.                                                    **REPORT &**
                                                      **RECOMMENDATION**
Tom Roy,
Commissioner of Corrections,

                     Respondent.

---

LeMar Tyree Green, #235265, MCF – Lino Lakes, 7525 Fourth Avenue, Lino Lakes, MN 55014 (pro se Petitioner); and

Linda M. Freyer, Assistant County Attorney, Hennepin County Attorney's Office, C-2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487 (for Respondent).

---

      This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Respondent Tom Roy's Motion to Dismiss Remaining Claims (ECF No. 22) and Petitioner LeMar Tyree Green's Motion to Grant Remaining Claims of the Petition for Habeas Corpus (ECF No. 27) regarding Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1). This matter has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Wilhelmina M. Wright, District Judge for the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons stated herein, the Court will recommend that Respondent's Motion to Dismiss Remaining Claims (ECF No. 22) be **GRANTED**; Petitioner's Motion to Grant

Remaining Claims of the Petition for Habeas Corpus (ECF No. 27) **BE DENIED**; and

Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in

State Custody (ECF No. 1) **BE DENIED**.

## I. BACKGROUND

The background of this matter has been set forth fully in this Court's previous

Report & Recommendation ("R & R") (ECF No. 15), dated September 15, 2015, and is

hereby incorporated by reference.  Among other things, the R & R recommended that (1)

the petition for a writ of habeas corpus be denied; (2) a previous motion to dismiss filed

by Respondent be granted; and (3) this matter be dismissed with prejudice.  (R & R at

16.)  Petitioner objected to the R & R and the district court, the Honorable Susan Richard

Nelson, District Judge for the United States District Court for the District of Minnesota,[1]

sustained in part and overruled as moot in part his objections.  *Green v. Roy*, No. 15-cv-

107 (SRN/TNL), 2015 WL 8082653 (D. Minn. Dec. 7, 2015).

The district court found that "Respondent improperly relied solely on the grounds

for relief as stated in the Habeas Petition rather than as stated in the Habeas

Memorandum in bringing the [prior] Motion to Dismiss."  *Id.* at *5.  The district court

also found that Petitioner had incorrectly completed "the portion of the Petition that

asked for a description of Petitioner's grounds for [habeas] relief," describing his state

postconviction proceedings rather than the relief sought in these federal proceedings.  *Id.*

Construing the petition and accompanying memorandum liberally, the district court

---

[1] Following the district court's ruling on Petitioner's objections, this matter was reassigned to Judge Wright due to her appointment to the United States District Court for the District of Minnesota.  (ECF No. 33.)

determined that, in addition to the claims addressed in the R & R, two additional claims remained: ineffective assistance of trial counsel and the cumulative effect of the alleged errors. *Id.* at *6. The district court noted that Respondent had not, and consequently the R & R had not, addressed these claims and sustained Petitioner's objection that the claims had not been considered. *Id.*

Petitioner subsequently appealed the district court's decision to the Eighth Circuit. (ECF No. 18.) Ultimately, the Eighth Circuit denied the appeal for lack of jurisdiction. (ECF Nos. 34, 35.) Following the denial of the appeal, the undersigned ordered briefing on the instant motions. (ECF No. 36.) The motions have now been fully briefed by the parties. (ECF Nos. 23, 28, 37, 39.)

## II. ANALYSIS

"A petitioner in custody by judgment of a state court is entitled to habeas relief only by showing that his detention violates the Constitution, federal law, or treaties of the United States." *Murphy v. King*, 652 F.3d 845, 848 (8th Cir. 2011) (citing 28 U.S.C. § 2254(a)). The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs federal-court review of habeas corpus petitions filed by state prisoners. *See Hunt v. Houston*, 563 F.3d 695, 702 (8th Cir. 2009). Under AEDPA, a federal court may not grant habeas corpus relief to a state prisoner unless the relevant state proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "(2) resulted in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *accord Hunt*, 563 F.3d at 702.

### A. Remaining Claims

As noted above, Petitioner's remaining claims are ineffective assistance of trial counsel and the cumulative effect of the alleged errors.

### 1.  Ineffective Assistance of Trial Counsel

Petitioner contends that trial counsel was ineffective because counsel failed to obtain a DNA expert to advise counsel and testify on Petitioner's behalf, which would have resulted in a more effective defense and more effective cross-examination of the state's DNA expert.[2]   Construing Petitioner's filings liberally, Petitioner essentially argues that trial counsel was not effective because counsel did not have the requisite expertise in DNA and therefore an expert was needed "to examine the testimony of the [State's] witness and advise . . . [trial] counsel on the questions necessary during cross examination to put the [S]tate's evidence to the test."  (Pet'r's Mem. in Supp. of Habeas Pet. at 10; *see* Pet'r's Mem. in Supp. of Habeas Pet. at 10-15; Pet'r's Mem. in Supp. of Mot. to Grant Remaining Claims at 3-5, 8-11, ECF No. 28; Pet'r's Reply to Resp't's Mot. at 6-8, ECF No. 39.)  Without this expertise, Petitioner argues that trial counsel "was not able to recognize any faulty methods, inconsistent statements or inaccurate conclusions

---

[2] In discussing his attempts to raise his ineffective-assistance-of-trial-counsel claim on appeal, Petitioner at one point makes a passing reference to certain subpoenas prepared by trial counsel.  (*See* Pet'r's Mem. in Supp. of Habeas Pet. at 18-19, ECF No. 2.)  Petitioner's filings are, at times, difficult to follow.  As best as this Court is able to discern, the ineffective-assistance-of-trial-counsel claim before this Court stems from the failure of trial counsel to obtain a DNA expert rather than any subpoena deficiencies.

reached by the State's experts," and therefore did not object to the admission of certain DNA evidence and certain expert testimony.  (Pet'r's Reply Br. at 14, ECF No. 12.)

### 2.  Cumulative Effect of the Errors

Petitioner contends that the cumulative effect of the errors that purportedly occurred at trial amounted to a violation of his right to due process and a fair trial. Petitioner argues that the culmination of the failure to introduce his timecard for the date on which some of the conduct purportedly occurred; the trial court's evidentiary rulings, including those on the admissibility of DNA evidence; the ineffectiveness of counsel; and prosecutorial misconduct unduly affected the jury's verdict.  (Pet'r's Mem. in Supp. of Habeas Pet. at 32-37; *see* Pet'r's Reply to Resp't's Mot. at 18.)

### B.  Failure to Exhaust State Court Remedies

A federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1)(A).  A state prisoner is not "deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c).  To satisfy this exhaustion requirement, "'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process' before presenting those issues in an application for habeas relief in federal court." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each

appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted).

A claim is fairly presented when the petitioner has referred to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (quotation omitted), *cert. denied*, No. 15-8129, 2016 WL 542345 (U.S. May 2, 2016). "This requirement is not met by presenting a claim that is merely similar to the federal habeas claim." *Id.* (quotation omitted). The failure to exhaust properly remedies "in accordance with state procedure results in procedural default of the prisoner's claims." *Welch*, 616 F.3d at 758.

Respondent asserts that Petitioner has failed to exhaust his state court remedies with respect to both the ineffective-assistance-of-trial-counsel and cumulative-errors claims. (Resp't's Mem. in Supp. of Mot. to Dismiss at 2, 24-48, ECF No. 23; Resp't's Resp. to Mot. to Grant at 3-5, ECF No. 37.) Petitioner touches on the issue of exhaustion only with respect to his ineffective-assistance-of-trial-counsel claim and, rather confusingly, maintains both that he was prevented from exhausting his state court remedies because his appellate counsel would not raise the issue and that Petitioner himself raised it to the Minnesota Court of Appeals in his pro se brief. While Petitioner asserts that "the Minnesota appellate [c]ourts failed to rule on [the ineffective-assistance-of-trial-counsel] issue, even though [P]etitioner raised it in his [p]ro [s]e brief," (Pet'r's

6

Reply to Resp't's Mot. at 7), the record shows that Petitioner did not exhaust his state court remedies with respect to these remaining two claims.

Petitioner's state court proceedings are more fully set out in the Court's prior R & R and the district court's decision.  (R & R at 2-8.)  *Green*, 2015 WL 8082653, at *1-3.  In brief, Petitioner engaged in two complete rounds of the state appellate process with respect to his conviction and petition for postconviction relief, including seeking discretionary review from the Minnesota Supreme Court each time.  The Court now turns to whether Petitioner fairly presented the claims for which he seeks habeas relief to the state courts.

Petitioner failed to present fairly his ineffective-assistance-of-trial-counsel claim to the state courts.  Although Petitioner asserted on direct appeal that trial counsel was ineffective for several reasons, he did not assert that counsel was ineffective by failing to obtain a DNA expert.  In his principal appellate brief, Petitioner asserted that trial counsel was ineffective when counsel failed to object to evidence that Petitioner had previously assaulted the victim when the assault was not relevant to the charges of criminal sexual conduct.  (Resp't's App. at 14, 41-25, ECF No. 10.)  In a pro se brief, Petitioner additionally asserted that trial counsel was ineffective for not introducing a timecard showing that Petitioner was at work on one of the dates of the alleged conduct, not properly serving subpoenas on Petitioner's employer, failing to request a special interrogatory requiring the jury to determine the specific dates of the alleged sexual conduct, and "str[iking] . . . [an o]mnibus hearing" without Petitioner's knowledge or consent.  (Resp't's App. at 112-16, 121-22, 126-27.)  Petitioner did not raise any

ineffective-assistance-of-trial-counsel claims in his petition for discretionary review by the Minnesota Supreme Court on direct appeal.   As a result, while Petitioner did raise some claims concerning the effectiveness of his trial counsel on direct appeal, he did not raise the claim for which he now seeks habeas relief from this Court, namely, that trial counsel was ineffective for failing to obtain a DNA expert.   Therefore, this claim was not fairly presented to the state courts.

Nor did Petitioner fairly present his cumulative-errors claim to the state courts.   At the end of his pro se brief on direct appeal, Petitioner "request[ed], due to *cumulative errors*, the vacating of the conviction or a reversal with remand to a new trial." (Resp't's App. at 129 (emphasis added).)   The phrase "cumulative errors" is contained in the final sentence of the "Conclusion" section of Petitioner's pro se brief.   There is no substantive cumulative-errors claim, only a summation of Petitioner's pro se arguments.   *See Baldwin*, 541 U.S. at 29.   "It is not enough to recite only the facts necessary to state a claim for relief or to make a general appeal to a constitutional guarantee as broad as due process." *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (quotations and citations omitted).   And, like the ineffective-assistance-of-trial counsel claim, Petitioner did not raise the cumulative-errors claim to the Minnesota Supreme Court when he petitioned for discretionary review as part of his direct appeal.   Accordingly, Petitioner did not fairly present his cumulative-errors claim to the state courts.[3]

---

[3] To the extent that Petitioner claims that he attempted to raise his cumulative-errors claim to the Minnesota Court of Appeals and Minnesota Supreme Court on appeal from the denial of postconviction relief based on the combination of inadmissible expert testimony and prosecutorial misconduct "resulting in 'substantial unfairness,'" (Resp't's App. at 405; *see* Resp't's App. at 405-06, 452-60), this argument is flawed in several respects.   First, this combined-error claim is different than the cumulative-errors claim for which he now seeks habeas relief.   *See Nash*, 807 F.3d at 898.

8

### C. Procedural Bar to Review

If a habeas petition contains claims that have not been exhausted in the state courts, the reviewing court "must then determine whether the petitioner has complied with state procedural rules governing post-conviction proceedings, i.e., whether a state court would accord the petitioner a hearing on the merits." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (citing *Harris v. Reed*, 489 U.S. 255, 268-70 (1989) (O'Connor, J., concurring)).   When there is no longer any state court remedy available for a state prisoner to present a claim that has not previously been fairly presented to the state's highest court, that claim has been "procedurally defaulted." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see Murphy*, 652 F.3d at 849.   Thus, "a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citing *Murray v. Carrier*, 477 U.S. 478, 493-96 (1986)); *see Murphy*, 652 F.3d at 849.

Minnesota has a well-established procedural rule that prevents state prisoners from seeking postconviction relief based on claims that could have been raised in a direct appeal. *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (Minn. 1976); *Ward v. State*,

---

Second, the combined-error claim was not properly before the appellate courts because it had not been raised to the state postconviction court. *See, e.g.*, *Williams v. State*, 869 N.W.2d 316, 319 (Minn. 2015) (petitioner forfeits any claim raised "for the first time on appeal from the denial of his postconviction petition"); *Burrell v. State*, 858 N.W.2d 779, 788 (Minn. 2015) ("'It is well settled that a party may not raise issues for the first time on appeal' from a denial of postconviction relief.") (quoting *Robinson v. State*, 567 N.W.2d 491, 494 n. 2 (Minn. 1997)).   Third, because Petitioner did not raise his cumulative-errors claim at the time of his first petition for postconviction relief— arguably the latest that the claim should have been brought—he is barred from bringing this claim in a subsequent petition for postconviction relief. *See infra* II.C.

No. A12-1894, 2013 WL 2372177, at *3 (Minn. Ct. App. June 3, 2013) ("[T]he longstanding and well-established *Knaffla* rule precludes a postconviction court from inquiring into and ruling on issues that were known or should have been known at the time of a direct appeal, constitutional or otherwise[.]"), *rev. denied* (Minn. Aug. 6, 2013); *see Loye v. Roy*, No. 11-cv-3715 (ADM/JSM), 2012 WL 435724, at *4 (D. Minn. Jan. 12, 2012) ("The *Knaffla* rule has been in effect in Minnesota for more than 35 years, and it has been applied in a myriad of cases.") (footnote omitted), *adopting report and recommendation*, 2012 WL 435304 (D. Minn. Feb. 10, 2012); *see also* Minn. Stat. § 590.01, subd. 1 ("A petition for postconviction relief after a direct appeal has been completed may not be based on grounds that could have been raised on direct appeal of the conviction or sentence."). Under *Knaffla*, "[w]hen a direct appeal has been taken, all claims that were raised or could have been raised will not be considered in a petition for postconviction relief." *Doppler v. State*, 771 N.W.2d 867, 873 (Minn. 2009). "There are two exceptions to the *Knaffla* rule: (1) a claim is so novel that the legal basis was not available on direct appeal, or (2) the interests of justice require review." *Perry v. State*, 731 N.W.2d 143, 146 (Minn. 2007) (citation omitted). The interests-of-justice exception "applies if fairness requires it and the petitioner did not deliberately and inexcusably fail to raise the claim on direct appeal." *Id.*

Petitioner's ineffective-assistance-of-trial-counsel claim concerning the DNA expert and cumulative-errors claim relate to things that happened in preparation for or during trial. Such claims arising out of or before trial would have been known to Petitioner and his appellate counsel at the time of his direct appeal to the Minnesota

Court of Appeals and the petition for discretionary review by the Minnesota Supreme Court. As discussed more fully below, the fact that Petitioner argues that he wanted to raise his ineffective-assistance-of-trial-counsel claim on direct appeal but his appellate attorney would not raise it demonstrates his awareness of the basis for this claim. *See Peck v. Minnesota*, No. 12-cv-2991 (DSD/LIB), 2013 WL 2936052, at *2 (D. Minn. June 14, 2013). Thus, all of the factual and legal bases for Petitioner's ineffective-assistance-of-trial-counsel claim concerning the DNA expert and cumulative-errors claim were fully known at the time of Petitioner's direct appeal. Yet, he did not raise them at that time.

Moreover, the exceptions to the *Knaffla* rule do not apply. Plaintiff's claims are not novel. On direct appeal, Petitioner made several arguments concerning alleged errors committed by his trial counsel as well as arguments concerning other purported errors that occurred. Indeed, in regards to a related claim Petitioner made in his postconviction proceeding regarding the validity of the DNA evidence, including methodologies employed, (*see* Resp't's App. at 309-14), the state postconviction court observed that "the methodology underlying the forensic evidence presented at trial was certainly known at the time of direct appeal and any issue that Petitioner wanted to address in this regard should have been raised at that point," (Resp't's App. at 364). The same is true of Petitioner's cumulative-errors claim in which he maintains that the purported errors at trial so infected the proceedings as to deny him due process.

Petitioner argues that his petition for postconviction relief was the first opportunity to raise his ineffective-assistance-of-trial-counsel claim concerning the DNA expert because "there is nothing before the courts which explains trial council's [sic] reasoning,"

11

suggesting further factual development was needed.   (Pet'r's Mem. in Supp. of Habeas

Pet. at 22.)    But, even assuming that the postconviction proceeding was the first

opportunity to raise the ineffective-assistance-of-trial-counsel claim concerning the DNA

expert, this claim is still barred by *Knaffla* because Petitioner did not fairly present this

claim to the state courts in his petition for postconviction relief.   As part of an argument

to the state postconviction court regarding the validity and admission of the DNA

evidence, Petitioner argued in relevant part:

> Sincere there could be no feasible trial strategy in failing to
> object to the Court's error, the absence of this objection was
> ineffective assistance of trial counsel, especially since the
> evidence in question could prove exculpatory to Petitioner if
> applied in the proper manner required by lab protocol.  It is
> inconceivable that Appellate counsel failed to file for
> ineffective assistance of trial counsel on this issue, and
> appellate counsel could not reasonably believe that the
> absence of such a crucial objection would likely not prevail
> since all available case law is apposite and supports
> Petitioner's position on establishment of foundation and
> reliability of unproven scientific methods as basis for expert
> testimony.  The petitioner also asked his appellate counsel to
> raise this issue on direct appeal, but she refused.  In response,
> the petitioner raised this issue in his pro se brief to the
> appellate court.

(Resp't's App. at 311.)   Petitioner did not, however, argue that the lack of a defense DNA

expert was the reason for trial counsel's purported ineffectiveness.   "The *Knaffla* rule is

applicable not only to claims that should have been raised on direct appeal, but also

claims that should have been raised in prior post-conviction proceedings."   *Loye*, 2012

WL 435724, at *4 (citations omitted); *Ward v. State*, No. A13-2133, 2014 WL 4175916,

at *2 (Minn. Ct. App. Aug. 25, 2014) ("*Knaffla* also bars claims raised or known at the

time of an earlier petition for postconviction relief from being considered on subsequent petitions.") (citing *Wayne v. State*, 601 N.W.2d 440, 441 (Minn. 1999)).

Petitioner has not presented a colorable explanation of why he failed to raise his ineffective-assistance-of-trial-counsel claim concerning the DNA expert on direct review or, at the latest, as part of his postconviction proceeding.  The same is true of his cumulative-errors claim.  Because Petitioner "has not presented a colorable explanation of why he failed to raise these claims previously," the interests of justice likewise do not require review.  *Perry*, 731 N.W.2d at 147; *accord Murphy*, 652 F.3d at 850.  Therefore, Petitioner's ineffective-assistance-of-trial-counsel claim concerning the DNA expert and cumulative-errors claim are procedurally defaulted because the well-established *Knaffla* rule bars Petitioner from pursuing either of these claims in the state courts.

### D. Cause & Prejudice

Because Petitioner's ineffective-assistance-of-trial-counsel claim concerning the DNA expert and the cumulative-errors claim are procedurally defaulted, "federal habeas review by this court is barred unless [Petitioner] can show cause for the default and actual prejudice."  *Murphy*, 652 F.3d at 850 (citing *Coleman*, 501 U.S. at 750); *accord Trevino v. Thaler*, 133 S. Ct. 1911, 1917 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012).  "The cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that 'fundamental fairness [remains] the central concern of the writ of habeas corpus.'" *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (alteration in original) (quoting *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). "This rule is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can

demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show actual innocence."[4]   *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (internal citations and quotation omitted); *see Martinez*, 132 S. Ct. at 1316; *Coleman*, 501 U.S. at 750-51.

"In order to satisfy the 'cause' requirement, a prisoner must show that some external impediment prevented him from presenting his claims to the state's highest court in a timely and procedurally proper manner."   *Maxwell*, 2014 WL 1371912, at *11 (citing *Coleman*, 501 U.S. at 753).   Where a habeas petitioner "has not established cause for the default, the question of prejudice need not be reached."   *Murphy*, 652 F.3d at 850; *accord Maxwell*, 2014 WL 1371912, at *11.   In an effort to demonstrate cause, Petitioner essentially makes two arguments: (1) trial counsel was allegedly ineffective and (2) his appellate counsel would not raise his ineffective-assistance-of-trial-counsel claim concerning the DNA expert on direct appeal.   Petitioner does not attempt to show cause to excuse the procedural default of his cumulative-errors claim.

### 1.   The Occurrence of Ineffective Assistance of Trial Counsel

Petitioner first contends that trial counsel's failure to obtain a DNA expert (essentially, the occurrence of the alleged ineffective assistance) was the cause that led to the procedural default.   Petitioner reasons that trial counsel's alleged errors were the

---

[4] Actual innocence is also referred to as the fundamental-miscarriage-of-justice exception.   *See Storey v. Roper*, 603 F.3d 507, 524 (8th Cir. 2010).   In order to show actual innocence, "a petitioner must present new reliable evidence that he was innocent of the crime of which he was convicted."   *Id.* (citing *House v. Bell*, 547 U.S. 518, 537 (2006)). New evidence is "evidence that was not available at trial."   *Id.* (quotation omitted). "In other words, a petitioner cannot simply point to errors that allegedly occurred during the course of his state criminal case; he must instead offer some *new* evidence which affirmatively demonstrates that he is, in fact, innocent of the crime for which he was convicted."   *Maxwell v. Gau*, No. 12-cv-1770 (ADM/TNL), 2014 WL 1371912, at *10 (D. Minn. Apr. 8, 2014) (citing *Murphy*, 652 F.3d at 850).   Petitioner does not argue actual innocence or identify any new evidence not available at the time of trial that affirmatively demonstrates his innocence.

cause resulting in the admission of certain DNA evidence.  (Pet'r's Mem. in Supp. Mot. to Grant Remaining Claims at 6-7.)  Petitioner similarly contends that statements by the state postconviction court and this Court that the failure of trial counsel to object to the admission of certain DNA evidence resulted in a forfeiture of the issue amount to recognition of "cause" for his procedural default.  (Pet'r's Reply to Resp't's Mot. at 3 ("Therefore, because both entities agree that failure to object caused the claims to be forfeited in which was a default that was caused by the trial counsel.").)  Petitioner misunderstands that cause in this context is not the *circumstances* that brought about his ineffective-assistance-of-trial-counsel claim, but the *reason* that this claim was not presented to the state courts at the time of Petitioner's direct appeal.  As the United States Supreme Court has explained, examples of this type of cause include "a showing that the factual or legal basis for a claim was not reasonably available . . . or that some interference by officials made compliance impracticable."  *Coleman*, 501 U.S. at 753 (quotation omitted).  Thus, Petitioner has not shown how any alleged failure of trial counsel to obtain a DNA expert for *trial* prevented Petitioner from raising this ineffective-assistance claim on *direct appeal*.

## 2.  Appellate Counsel

Petitioner's second argument is more to the point.  Petitioner asserts that he did not have a "meaningful opportunity" to raise his ineffective-assistance-of-trial-counsel claim to the state courts because his appellate counsel would not raise it on direct appeal. (Pet'r's Mem. in Supp. of Habeas Pet. at 18-19.)  The Minnesota Rules of Criminal Procedure specifically permit Petitioner to file a pro se supplemental brief on direct

appeal.   Minn. R. Crim. P. 28, subd. 5(17) ("A defendant, whether or not choosing to proceed pro se, may also file with the court a supplemental brief.").   Under this rule, Petitioner could have raised on direct appeal any additional claims he felt should have been included by his appellate attorney but were not.   The record shows that Petitioner's appellate attorney informed him when his pro se supplemental brief was due, (Resp't's App. at 319), and Petitioner did in fact file a pro se supplemental brief on direct appeal, *State v. Green*, No. A11-1532, 2012 WL 4475690, at *10 (Minn. Ct. App. Oct. 1, 2012), *rev. granted and j. reversed* (Minn. Dec. 18, 2012) (remanded for resentencing). Petitioner was aware of the basis for his ineffective-assistance-of-trial-counsel claim concerning the DNA expert and chose not to raise it, despite raising other claims related to trial counsel's effectiveness.   Petitioner appears to acknowledge as much.

Relying on *Trevino* and *Martinez*, however, Petitioner argues that his appellate counsel's failure to raise the ineffective-assistance-of-trial-counsel claim concerning the DNA expert excuses any procedural default because the postconviction proceedings were the first opportunity he had to present this claim.   *Trevino* and *Martinez* focus on scenarios in which "a state's procedures bar review of a claim of ineffective assistance of counsel at trial (either explicitly, or by making it 'virtually impossible' to raise one) on direct review and requires it to be raised for the first time in a collateral review proceeding." *Castillo-Alvarez v. Smith*, No. 14-cv-542 (JRT/JSM), 2015 WL 6445479, at *7 (D. Minn. Oct. 23, 2015) (citing *Trevino*, 133 S. Ct. at 1914-15), *appeal filed* (8th Cir. Feb. 12, 2016).

Petitioner contends that Minnesota's procedures are similar and that the collateral, postconviction proceeding was needed to determine the reason that trial counsel did not obtain a DNA expert.  (Pet'r's Mem. in Supp. of Habeas Pet. at 19-20, 21-23.)  Petitioner contends that

> although . . . [he] has alleged trial counsel's deficient conduct was, among other things, the result of inexplicably failing to object to improper DNA testimony that is readily apparent from the record, there is nothing before the courts which explains trial council's [sic] reasoning and any ruling thereon would be purely speculative.

(Pet'r's Mem. in Supp. of Habeas Pet. at 21-22.)  Respondent asserts that no additional fact finding was necessary to resolve Petitioner's ineffective-assistance-of-trial-counsel claim concerning the DNA expert because trial "counsel's 'reasoning' is not a 'fact' necessary" to a determination of whether counsel's performance was sufficient; Petitioner explicitly argued to the state postconviction court that no feasible trial strategy could account for the failure; and Petitioner has not argued to this Court that the record is insufficient to determine his claims.  (Resp't's Mem. in Supp. of Mot. to Dismiss at 37-38.)

Minnesota law does not require that ineffective-assistance-of-trial-counsel claims be raised only in collateral, postconviction proceedings.  Rather,

> [i]f a claim of ineffective assistance of trial counsel can be determined on the basis of the trial record, the claim must be brought on direct appeal or it is *Knaffla*-barred. If, however, such a claim requires examination of evidence outside the trial record or additional fact-finding by the postconviction court, such a claim is not *Knaffla*-barred because the claim is not based solely on the briefs and trial court transcript.

*Nissalke v. State*, 861 N.W.2d 88, 93 (Minn. 2015) (citations omitted).   Because

Minnesota law does not require that claims for ineffective assistance of trial counsel be

raised only in collateral, postconviction proceedings, *Trevino* and *Martinez* are of limited

relevance and little help to Petitioner.  *Castillo-Alvarez*, 2015 WL 6445479, at *7; *Delk v.*

*Smith*, No. 13-cv-89 (JRT/SER), 2014 WL 538586, at *14 (D. Minn. Feb. 11, 2014)

("But unlike the petitioner in *Martinez*, Delk was not prohibited from raising that claim

on direct appeal.  Therefore, the holding of *Martinez* is not directly implicated in this

case."); *McClendon v. Minnesota*, No. 13-cv-2368 (PJS/HB), 2014 WL 4722490, at *7

(D. Minn. Sept. 22, 2014) ("*Martinez's* narrow holding does not save Petitioner's claim,

however, because there are fundamental differences between Arizona and Minnesota

state law. . . . Minnesota, where Petitioner was convicted, has no such prohibition on

bringing an ineffective assistance of counsel claim in a direct appeal.").[5]

But even assuming for the sake of argument that Petitioner's ineffective-

assistance-of-trial-counsel claim concerning the DNA expert was of the type that could

not be raised on direct appeal, he still is not entitled to relief.  As Petitioner correctly

---

[5] Petitioner asserts that the Minnesota Supreme Court's reasoning in *Dobbins v. State*, 788 N.W.2d 719 (Minn. 2010), is particularly persuasive on the issue of whether he inexcusably failed to raise his "DNA arguments" on direct appeal.  (Pet'r's Mem. in Supp. of Habeas Pet. at 22.)  In *Dobbins*, the Minnesota Supreme Court held that the state district court erred in holding that Dobbins's equal-protection claim was barred under *Knaffla* in his postconviction proceeding because "Dobbins's claim that we violated his equal protection rights did not arise until *after* we affirmed his conviction on direct appeal."  788 N.W.2d at 727.  The Minnesota Supreme Court thus held that the claim was not available until after Dobbins's direct appeal had concluded.  Petitioner contends that "[i]f we translate [*Dobbins's*] reasoning to the instant case, substituting ineffective assistance of appellate counsel for equal protection, it would read []appellant did not know of his *ineffective assistance of appellate counsel claim* until the Court affirmed his conviction because appellant's claim is that his ineffective assistance of appellate counsel happened in the very ruling before the court."  (Pet'r's Mem. in Supp. of Habeas Pet. at 23.)  Petitioner's ineffective-assistance-of-appellate-counsel claim has already been ruled upon, and Petitioner does not explain how *Dobbins* excuses his failure to raise his ineffective-assistance-of-*trial*-counsel claim concerning the DNA expert.

points out, *Trevino* sets forth four prongs that must be satisfied in order to establish cause and excuse procedural default:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

133 S. Ct. at 1918 (alteration in original) (quoting *Martinez*, 132 S. Ct. at 1318-19).  Even if Petitioner could satisfy the second, third, and fourth prongs—and the Court has serious doubts with respect to the third and fourth prongs—his claim must still be substantial.

"A 'substantial' ineffective-assistance claim is one that has some merit." *Dansby v. Hobbs*, 766 F.3d 809, 834 (8th Cir. 2014) (quoting *Martinez*, 132 S. Ct. at 1318).  As a general matter, the selection of witnesses, including expert witnesses, is a matter of trial strategy entitled to great deference.  *See, e.g.*, *Forrest v. Steele*, 764 F.3d 848, 858 (8th Cir. 2014) ("Decisions relating to witness selection are normally left to counsel's judgment, and this judgment will not be second-guessed by hindsight.") (quotation omitted), *cert. denied*, 136 S. Ct. 35 (2015); *United States v. Orr*, 636 F.3d 944, 955 (8th Cir. 2011) ("[W]e consistently have affirmed that a defense counsel's decision not to call a witness is a virtually unchallengeable decision of trial strategy.") (quotation omitted); *United States v. Benson*, Nos. 10-cr-269 (DSD/JSM), 13-cv-2259 (DSD), 2014 WL 4113098, at *4 (D. Minn. Aug. 20, 2014) ("[C]ounsel's decisions regarding witness selection are entitled to great deference.").  Claims for ineffective assistance of counsel

based on a failure to consult and call an expert at trial require evidence of what the expert would have stated at trial in order to establish prejudice under *Strickland*. *United States v. Frausto*, 754 F.3d 640, 644 (8th Cir. 2014); *Rodela-Aguilar v. United States*, 596 F.3d 457, 462 (8th Cir. 2010); *Benson*, 2014 WL 4113098, at *4.

While Petitioner has speculated about how a DNA expert may have assisted in the presentation of his case, he has not presented evidence of what a DNA expert would have stated at trial.  Because Petitioner has not specified the contents of any proposed DNA expert's testimony, he cannot satisfy *Strickland*'s prejudice prong and his ineffective-assistance-of-trial-counsel claim concerning the failure to obtain a DNA expert is without merit.  *See Benson*, 2014 WL 4113098, at *4 (claim for ineffective assistance of counsel based on failure to obtain a DNA expert lacked merit were contents of proposed expert's testimony was not specified). Therefore, it follows that Petitioner cannot invoke *Trevino* and *Martinez* to show cause for the default of his ineffective-assistance-of-trial counsel claim because he has not made a substantial case that trial counsel was ineffective for failing to obtain a DNA expert.

In sum, because Petitioner cannot establish cause for the procedural default of his ineffective-assistance-of-trial-counsel claim concerning the failure to obtain a DNA expert and has not attempted to establish cause for the procedural default of his cumulative-errors claim, this Court need not reach the question of prejudice.  *Murphy*, 652 F.3d at 850.  And, because Petitioner's procedural default cannot be excused, these claims cannot be addressed on the merits and must be summarily denied.  *Maxwell*, 2014 WL 1371912, at *12; *see Martinez*, 132 S. Ct. at 1316; *Murphy*, 652 F.3d at 850.

20

### E.  Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Federal district courts may not grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this standard, the petitioner must show "that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citation omitted).  For purposes of appeal under 28 U.S.C. § 2253, the Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Petitioner's petition debatable, or that some other court would decide this petition differently.  The Court therefore recommends that a certificate of appealability not issue.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent's Motion to Dismiss Remaining Claims (ECF No. 22) **BE GRANTED**.

2. Petitioner's Motion to Grant Remaining Claims of the Petition for Habeas Corpus (ECF No. 27) **BE DENIED**.

3. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) **BE DENIED**.

4. This action **BE DISMISSED WITH PREJUDICE**.

5. A certificate of appealability **NOT ISSUE**.

Date: June ___30___, 2016                          _____*s/ Tony N. Leung*_____
                                                   Tony N. Leung
                                                   United States Magistrate Judge
                                                   for the District of Minnesota

                                                   *Green v. Roy*
                                                   Case No. 15-cv-107 (WMW/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.