UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-107(DSD/TNL)

LeMar Tyree Green,

        Petitioner,

v.                                                  **ORDER**

Tom Roy,

        Respondent.

    LeMar Tyree Green, #235265, MCF-Lino Lakes, 7525 4th Avenue, Lino Lakes, MN 55014, petitioner pro se.

    James B. Early, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101 and Linda M. Freyer, Hennepin County Attorney's Office, 300 South 6th Street, Suite C-2000, Minneapolis, MN 55487, counsel for respondent.

This matter is before the court upon pro se petitioner LeMar Tyree Green's objection to the June 30, 2016, report and recommendation (R&R) of Magistrate Judge Tony N. Leung. In his report, the magistrate judge recommended that: (1) Green's motion to grant remaining claims of the petition for habeas corpus be denied; (2) the petition under 28 U.S.C. § 2254 be denied; and (3) respondent Tom Roy's motion to dismiss the remaining claims be granted. Green timely objected to the R&R. The court reviews the R&R de novo. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). After a careful review, the court finds that the R&R is well reasoned and correctly disposes of Green's motions.

**I. Procedural Posture**

    The underlying facts are not in dispute and will not be

repeated except as necessary. In January 2015, Green filed a petition for a writ of habeas corpus. ECF No. 1. In a previous R&R, Magistrate Judge Leung denied the petition, and Green objected. See ECF Nos. 15, 16. On review, the court determined that the magistrate judge had not addressed two claims raised by Green: (1) ineffective assistance of trial counsel and (2) the cumulative effect of the alleged errors. Green v. Roy, No. 15-CV-107, 2015 WL 8082653, at *6 (D. Minn. Dec. 7, 2015). The court, therefore, sustained Green's objection. Id. After additional briefing by the parties, the magistrate judge considered all of Green's claims and recommended denial of the petition because the claims were procedurally barred. ECF No. 40 at 6-8,10-13.

**II. Objections**

Green objects, arguing that the magistrate judge improperly characterized his ineffective assistance of counsel claim as relying on counsel's failure to obtain an expert witness rather than counsel's failure to object to erroneous DNA evidence. This argument has no merit.

The R&R properly understood Green's claim as being that trial counsel did not object to certain DNA evidence because he did not retain a DNA expert. Id. at 5-6. Green summarizes his argument similarly. See ECF No. 41 at 3. Therefore, the magistrate judge properly characterized and considered Green's ineffective assistance of counsel claim.

2

Further, even assuming there was error, Green's claim is still procedurally barred. Green argues that he has shown cause for the default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("[P]rocedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default . . . .") (citation and internal quotation marks omitted). He, however, does not show cause but simply re-asserts the basis for his ineffective assistance of counsel claim. See ECF No. 41 at 6-7. Green addresses the circumstances underlying his claim, but does not address the cause of his failure to properly present this claim in state court. The R&R considered Green's same argument and properly rejected it. ECF No. 40 at 15.

Finally, Green argues that he has demonstrated the cumulative errors at trial resulted in an unfair verdict. Again, this objection does not challenge the R&R's conclusion that Green's claim is procedurally barred, but instead it simply restates an argument the R&R already considered.

### III. Certificate of Appealability

To warrant a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473,

3

483-84 (2000).  As discussed, the court is firmly convinced that Green's claim is baseless, and that reasonable jurists could not differ on the results given the nature of his arguments.  A certificate of appealability is not warranted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The objection [ECF No. 41] to the report and recommendation is overruled;

2. The report and recommendation [ECF No. 40] is adopted in its entirety;

3. Respondent's motion to dismiss remaining claims [ECF No. 22] is granted;

4. Petitioner's motion to grant remaining claims of the petition for habeas corpus [ECF No. 27] is denied;

5. The petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody [ECF No. 1] is denied;

6. The action is dismissed with prejudice; and

7. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 25, 2016

s/David S. Doty<br>David S. Doty, Judge<br>United States District Court