UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-107(DSD/TNL)

LeMar Tyree Green,

        Petitioner,

v.                                         **ORDER**

Tom Roy,

        Respondent.

    This matter is before the court upon the motion for a certificate of appealability and application to proceed on appeal without prepayment of fees by petitioner LeMar Tyree Green. A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1).

    Green's IFP application demonstrates that he has little income and few assets. ECF No. 8, at 1-4. As a result, the court finds that Green is financially eligible for IFP status. Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is

taken in good faith, the court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. at 445. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although the court remains fully satisfied that Green's complaint under 42 U.S.C. § 1983 was properly dismissed, his appeal is not "frivolous," as that term has been defined by the Supreme Court. As a result, the appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3), and the IFP application will be granted.

The motion for a certificate of appealability will be denied. The court previously denied a certificate of appealability and has no reason to reconsider its ruling. See ECF No. 46. It seems that Green may have intended to move the Eighth Circuit Court of Appeals for a certificate of appealability. If that is the case, Green should file the motion with the court of appeals, not the district court. See Fed. R. App. P. 22(b)(1).

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Petitioner's application to appeal in forma pauperis [ECF No. 50] is granted; and

    2.   The motion for a certificate of appealability [ECF No. 51] is denied.

Dated: September 22, 2016

                                            s/David S. Doty  
                                            David S. Doty, Judge  
                                            United States District Court